UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

LETICIA ERMEY,

         Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of the Social Security Administration,

         Defendant.

CASE NO. 3:16-cv-05865 JRC

ORDER ON PLAINTIFF'S COMPLAINT

      This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, Dkt. 4; Consent to Proceed Before a United States Magistrate Judge, Dkt. 5). This matter has been fully briefed. *See* Dkt. 10, 11, 12.

      The ALJ provided a relatively thorough summary of the medical evidence connected with plaintiff's Social Security application. However, the ALJ failed to take

note of or discuss plaintiff's obesity. The relevant Social Security Rulings require ALJs to consider claimants' obesity when determining claimants' severe impairments and claimants' limitations, and for the remaining steps of the sequential disability evaluation procedure. After considering and reviewing the record, the Court concludes that the ALJ's error in failing to do so is not harmless, as consideration of plaintiff's obesity could alter plaintiff's residual functional capacity such that she would be found disabled.

Therefore, this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this order.

## BACKGROUND

Plaintiff, LETICIA ERMEY, was born in 1991. *See* AR. 190-99. She has a high school diploma. AR. 49. Plaintiff last worked at a fast food restaurant but quit when "it started being painful to work there." AR. 49-50.

According to the ALJ, plaintiff has at least the severe impairments of "right hip dysplasia; depression, [and] learning disorder for math, reading, expressive language, and written expression (20 CFR 416.920(c))." AR. 21.

At the time of the hearing, plaintiff was living in a friend's house with "maybe about seven people." AR. 47-48.

## PROCEDURAL HISTORY

Plaintiff's application for Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act was denied initially and following reconsideration. *See* AR. 85, 100. Plaintiff's requested hearing was held before

Administrative Law Judge Cynthia D. Rosa ("the ALJ") on September 24, 2014. *See* AR. 41-84. On February 27, 2015, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act since her application date. *See* AR. 16-40.

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Did the ALJ reversibly err by failing to consider plaintiff's obesity; (2) Did the ALJ reversibly err by failing to properly evaluate the testimony evidence; and (3) Did the ALJ reversibly err by improperly discrediting plaintiff without providing sufficient reasons to do so. *See* Dkt. 10, p. 2.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

(1) **Did the ALJ reversibly err by failing to consider plaintiff's obesity?**

Plaintiff contends that the ALJ erred by failing to consider plaintiff's obesity. *See* Dkt. 10, pp. 15-16; Dkt. 12, pp. 7-8. Defendant contends that plaintiff's obesity did not have to be considered because it was not diagnosed explicitly by a doctor. *See* Dkt. 11, p. 18 n.4.

Plaintiff weighed at least 185 pounds from at least May, 2012 through at least February, 2013. *See* AR. 359. At plaintiff's Body Mass Index over 30, this indicates that she was obese. *See e.g.,* http://www.nhlbi.nih.gov/guidelines/obesity/BMI/bmicalc.htm, last visited August 15, 2017. Although the ALJ "need not discuss *all* evidence presented," in this case, the ALJ should have explained why the "significant probative evidence [of plaintiff's obesity] has been rejected." *Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-95 (9th Cir. 1984) (per curiam) (quoting *Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981)).

The Commissioner "may not reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (quoting *Vincent*, 739 F.2d at 1395)). The "ALJ's written decision must state reasons for disregarding [such] evidence." *Flores, supra*, 49 F.3d at 571.

In addition, according to Social Security Ruling, "SSR," 02-01p, the Administration "consider[s] obesity to be a medically determinable impairment and remind[s] adjudicators to consider its effects when evaluation disability . . . . [ALJs are] to consider the effects of obesity not only under the listings but also when assessing a claim at other steps of the sequential evaluation process." 2002 SSR LEXIS 1 at *2-*3 (2002). This, the ALJ failed to do, committing error. *See id.*

Although "Social Security Rulings do not have the force of law, [n]evertheless, they constitute Social Security Administration interpretations of the statute it administers and of its own regulations." *See Quang Van Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989) (citing *Paxton v. Sec. HHS*, 865 F.2d 1352, 1356 (9th Cir. 1988)) (internal citation

and footnote omitted). As stated by the Ninth Circuit, "we defer to Social Security Rulings unless they are plainly erroneous or inconsistent with the [Social Security] Act or regulations." *Id.* (citing *Chevron USA, Inc. v. NRDC, Inc.*, 467 U.S. 837, 842-45 (1984); *Paxton, supra*, 865 F.2d at 1356) (footnote omitted). These Rulings regarding obesity are not plainly erroneous or inconsistent with the Social Security Act or regulations.

The Court also notes that according to Social Security Ruling ("SSR") 02-1p,

> [An ALJ] will not make assumptions about the severity or functional effects of obesity combined with other impairments. Obesity in combination with another impairment may or may not increase the severity or functional limitations of the other impairment. [The ALJ] will evaluate each case based on the information in the case record.

2002 WL 34686281, 2002 SSR LEXIS 1 at *15.

The ALJ failed to follow Social Security Rulings by not explicitly evaluating plaintiff's obesity and the effect of her obesity on her other impairments, such as her right hip dysplasia, found to be severe by the ALJ. *See* AR. 21.

Although defendant contends that the ALJ did not need to discuss plaintiff's obesity because it was not diagnosed explicitly by a physician, the citation provided by defendant for this argument indicates no such thing. As noted by defendant in a footnote, an "impairment must result from anatomical, physiological, or psychological abnormalities which can be shown by medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. § 1404.1508. Using a scale to determine body weight is a medically acceptable clinical diagnostic technique, and because it resulted in an indication of obesity, it demonstrates an anatomical, physiological, or psychological abnormality, as defined by the National Institute of Health. *See e.g.,*

http://www.nhlbi.nih.gov/guidelines/obesity/BMI/bmicalc.htm, last visited August 15, 2017.

For the reasons stated, the Court concludes that the ALJ erred by failing to consider plaintiff's obesity when concluding that she is not disabled. The Court also concludes that the error is not harmless.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citing *Stout v. Commissioner, Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). Recently the Ninth Circuit reaffirmed the explanation in *Stout* that "ALJ errors in social security are harmless if they are 'inconsequential to the ultimate nondisability determination' and that 'a reviewing court cannot consider [an] error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. July 10, 2015) (citing *Stout,* 454 F.3d at 1055-56). In *Marsh,* even though "the district court gave persuasive reasons to determine harmlessness," the Ninth Circuit reversed and remanded for further administrative proceedings, noting that "the decision on disability rests with the ALJ and the Commissioner of the Social Security Administration in the first instance, not with a district court." *Id.* (citing 20 C.F.R. § 404.1527(d)(1)-(3)).

Here, the ALJ failed to consider plaintiff's obesity when determining plaintiff's residual functional capacity. And, according to a relevant Social Security Ruling:

> Obesity in combination with another impairment may or may not increase the severity or functional limitations of the other impairment. [The ALJ] will evaluate each case based on the information in the case record.

2002 WL 34686281, 2002 SSR LEXIS 1 at *15. Because plaintiff's obesity may "increase the severity or functional limitations of [plaintiff's] other impairment[s], this Court cannot conclude with confidence that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *Marsh*, 792 F.3d at 1173 (citing *Stout,* 454 F.3d at 1055-56).

As a result of the Court's conclusions herein, this matter must be reversed and remanded for further consideration of plaintiff's obesity, in combination with her other impairments. Although plaintiff requests remand with a direction to award benefits, the Court concludes that the ALJ should evaluate plaintiff's obesity, in combination with plaintiff's other impairments, in the first instance and that hence, further administrative proceedings would serve a useful purpose. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1103-04 (9th Cir. 2014) (citations omitted) (remand for benefits is not appropriate when further administrative proceedings would serve a useful purpose). On remand, the ALJ should consider anew all of the medical evidence.

**(2) Did the ALJ reversibly err by failing to evaluate properly the testimony evidence and plaintiff's allegations?**

The Court already has concluded that the ALJ erred in reviewing the medical evidence regarding plaintiff's obesity, and that this matter should be reversed and remanded for further consideration of all of the medical evidence, *see supra*, section 1. In addition, the evaluation of a claimant's statements regarding limitations relies in part on

the assessment of the medical evidence. *See* 20 C.F.R. § 404.1529(c); SSR 16-3p, 2016 SSR LEXIS 4. Therefore, plaintiff's testimony and statements should be assessed anew following remand of this matter.

## CONCLUSION

Based on the stated reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this order.

**JUDGMENT** should be for plaintiff and the case should be closed.

Dated this 16th day of August, 2017.

J. Richard Creatura
United States Magistrate Judge